FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 JUN -6 PM 3:41

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

SHARI KIMPEL

       Plaintiff,

CASE NUMBER:

6:17-CV-1023-ORL-37-DCI

vs.

GIANT RECREATION WORLD, INC., d/b/a
GIANT RECREATION WORLD OF VOLUSIA
       Defendant       /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Shari Kimpel, (herein after referred to as "Plaintiff"), by and through her undersigned counsel and sues the Defendant, Giant Recreation World, Inc., d/b/a Giant Recreation World of Volusia, (herein after referred to as "Defendant") and states as follows:

### INTRODUCTION

1. This is an action by Plaintiff against her former employer for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA").

### JUURISDICTION

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. Section 201, et. seq. The Court has jurisdiction over FLSA claims pursuant to 29 U.S.C. Section 216(b).

### VENUE

3. The venue is proper in this Court, over this controversy, because the employer's principal place of business is in Volusia County, Florida. Plaintiff performed work at locations within the Middle District of Florida.

## FACTUAL HISTORY

4. Plaintiff was, at all times material to this Complaint, employed by Defendant in different capacities including as a warranty administrator from February 12, 2013 to March 29, 2013, as both a warranty administrator and service advisor from March 30, 2013 to August 22, 2014 and as a warranty administrator from August 23, 2014 to January of 2016 at the Volusia County Giant Recreation World.

5. The Defendant, Giant Recreation World, Inc, d/b/a Giant Recreation World of Volusia, is a Florida Corporation which operates a recreational vehicle sales and service center.

6. Giant Recreation World, Inc., is an employer as defined by 29 U.S.C. Section 203(d) and has employees subject to provisions of the FLSA, 29 U.S.C. Section 206, in the capacity in which the Plaintiff was employed with the Defendant.

7. Plaintiff was an employee of Giant Recreation World, Inc., and at all times relevant to this Complaint the Defendant was engaged in commerce as defined by 29 U.S.C. section 207(a)(1).

8. The Defendant, Giant Recreation World, Inc., in the alternative, is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. section 203(s)(1) because the Defendant employed two or more employees who regularly engaged in selling, handling, or otherwise working on goods and/or materials that have been moved in or produced for interstate commerce and, at all times during which Plaintiff was employed by the Defendant, the annual gross sales volume of Giant Recreation World, Inc., was in excess of $500,000.00 (exclusive of excise taxes at the retail level).

9. Plaintiff was employed with the Defendant for more than three years prior to January of 2016, which was her last employment with the Defendant but is seeking damages for

time periods subsequent to March 22, 2013 because the parties agreed to toll the statute of limitations effective March 22, 2016.

10. While the number of hours worked by Plaintiff while in the employ of the Defendant varied, the Plaintiff, in good faith, believes her overtime performed during the time she worked for the Defendant ranged from zero to a bit less than seven hours, per week.

11. Plaintiff has retained the services of Matthew E. Romanik, Esquire, of the law firm of Damore, Delgado, & Romanik, PLC, to represent her in this matter and has agreed to pay a reasonable attorney's fee and reimburse costs for representation in this matter.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

12. Plaintiff restates and realleges the allegations in paragraphs 1-12.

13. During the time the Plaintiff was employed by the Defendant in this matter, the Defendant repeatedly and willfully violated section 7 and 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one half times the regular rate, plus an average of her commissions, at which she was employed in weeks which during which she performed more than forty hours of work.

14. On numerous weeks during which Plaintiff was employed with the Defendants, she performed more than 40 hours of work, yet was never compensated time and a half for more than 40 hours of work, despite the fact that numerous overtime hours were, in fact, worked by the Plaintiff.

15. For each and every hour in excess of 40 hours per work week worked by the Plaintiff, while in the employ of the Defendant, the Plaintiff should be paid not less than one

and one half times her regular hourly rate, plus an average of her commissions, at which she was employed.

WHEREFORE, Plaintiff demands a Judgment against the Defendant, to include:

(a) Unpaid overtime wages which are due and owing to the Plaintiff.

(b) An additional amount equal to the unpaid overtime wages due and owing to the Plaintiff as liquidated damages.

(c) Prejudgment interest.

(d) Reasonable attorney's fees and costs.

(e) Any other relief the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully Submitted,

/s/Matthew E. Romanik
Attorney for Plaintiff
Matthew E. Romanik, Esq.
Damore, Delgado &Romanik
227 Seabreeze Blvd.
Daytona Beach, FL 32118
matthewromanik@yahoo.com
Phone (386) 255-1400
Fla. Bar No.: 0062588
Attorney for Plaintiff